AMBROSE MERRILL *versus* INHABITANTS OF WHITEFIELD.

Willfully corrupt and false testimony on a material point, does not so absolutely discredit the witness as to any other fact to which he may testify, that, as matter of law, the jury are bound to disregard his testimony. [See *Parsons* v. *Huff, ante.*]

ON EXCEPTIONS, from *Nisi Prius*, MAY, J., presiding.

This was an action of the case for injury and damages sustained by plaintiff, occasioned by a defective road.

There was testimony introduced by defendants tending to contradict one of plaintiff's witnesses, and the Judge instructed the jury, that it was a rule or maxim of law, that if the jury should be satisfied, that the witness for plaintiff had willfully and corruptly testified falsely to any one material fact, and they were fully satisfied of that fact, they might properly regard such a witness unworthy of belief, and no credit ought to be given to his testimony in any one particular or respect, unless he was corroborated by other testimony in the case; and they would consider whether such rule or maxim did not commend itself to their common sense, and if it did, they might properly act upon it.

They were further instructed, that they were the sole judges of the credit to be given to any and all the witnesses in the case. To the foregoing instructions, as matter of law, the plaintiff excepted.

*W. Hubbard,* for plaintiff.

*Carleton & Gould,* for defendant.

APPLETON, J. — New trial granted.

TENNEY, C. J., and RICE, CUTTING and MAY, J. J., concurred.